UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Herbert Alonzo Robinson, ) | Civil Action No.: 8:23-cv-00611-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Captain Greathouse, Chaplin Smith, ) | |
| Chaplin Smalls, Jane and John Doe Medical ) | |
| Personnel, Jail Administrators, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Plaintiff Herbert Alonzo Robinson's objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Jacquelyn D. Austin, who recommends denying Defendant's motion to proceed in forma pauperis.[1] *See* ECF Nos. 8 & 10.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R&R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and issued the R&R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R&R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**

Plaintiff is a pretrial detainee at the Sherriff Al Cannon Detention Center. ECF No. 1 at p. 3. Plaintiff alleges the above named Defendants violated his rights to due process and equal protection under the Fourteenth Amendment and violated his First Amendment rights by refusing to place him on a Kosher/Halal diet, refusing to modify his diabetic medications, and refusing to modify his diabetic-religious diet. *Id.* at pp. 4. Plaintiff contends he has suffered mental and emotional distress and has been denied a Kosher/Halal diet or medical diet consistent with his religious rights. *Id.* at p. 6. Plaintiff requests injunctive relief, requiring Defendants to place him on a religious Kosher/Halal diet, and money damages. *Id.*

The Magistrate Judge recommended denying Plaintiff's motion to proceed in forma pauperis because Plaintiff is subject to the three-strike rule of the Prison Litigation Reform Act of 1996, Pub. L. No. 104–134, 110 Stat. 1321-71 (1996) ("PLRA"). ECF No. 8. The Magistrate Judge outlined three cases Plaintiff previously filed that would qualify as "strikes" under the Prison Litigation Reform Act of 1996, Pub. L. No. 104–134, 110 Stat. 1321–71 (1996) ("PLRA,"). *Id.* at pp. 4–9. The Magistrate Judge also found Plaintiff has not shown imminent danger of serious physical injury, and recommended

that in order to proceed with this action, Plaintiff must pay the full filing fee of four hundred and two dollars ($402) within twenty-one days of this Court ruling on the R&R. *Id*. at pp. 9–11.

In his objections to the R&R, Plaintiff objects to the R&R's characterization of the three cases the Magistrate Judge cited as strikes. ECF No. 10. The "three strikes" rule provides the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (statute governing proceedings in forma pauperis).[2]

Plaintiff contends *Robinson v. Brightharp*, 2:99-cv-02539-JFA (D.S.C.), should not count as a strike because he alleged physical harm and because he stated a cause of action for relief. ECF No. 10 at p. 3. Section 1915(g) provides that if a prisoner is under imminent danger of serious physical injury, the prisoner may proceed in forma pauperis even if that prisoner has three strikes. Thus, the imminent danger of serious physical injury provides an exception to the three strike rule. *See Hall v. United States*, 44 F.4th 218, 222 (4th Cir. 2022) (referring to the "'imminent danger' exception to the 'three strikes provision' of the PLRA."). Section 1915(g) does not provide that if physical injury was alleged in a prior case, that prior case could not count as a strike under § 1915(g). Although Plaintiff contends he stated a cause of action for relief in that case, *Robinson v. Brightharp* was summarily

---

[2] "When a prisoner has previously filed at least three actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the [PLRA's] 'three strikes' provision requires that the prisoner demonstrate imminent danger of serious physical injury in order to proceed without prepayment of fees." *McLean v. United States*, 566 F.3d 391, 393–94 (4th Cir. 2009) (citing 28 U.S.C. § 1915(g)), abrogated on other grounds by *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020)).

3

dismissed without prejudice[3] pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), which counts as a strike. *Robinson v. Brightharp*, No. 2:99-cv-02539 (D.S.C. Sept. 20, 199); *see Addison v. Stirling*, No. 8:20-cv-03735-TMC, 2021 WL 321088, at *1 (D.S.C. Feb. 1, 2021) (recognizing a *Heck* dismissal qualifies as a strike); *Von Long v. Suggs*, No. 4:20-cv-03128-DCC-TER, 2020 WL 8366285, at *2 (D.S.C. Oct. 5, 2020) (three strikes based on three Heck dismissals).

Plaintiff also objects to the use of *Robinson v. Green*, 2:06-cv-00985-RBH (D.S.C.) as a strike, arguing he stated a claim for which relief can be granted in that case. In that case, the magistrate judge found Plaintiff's claim was "wholly meritless and should be considered frivolous and malicious within the meaning of the [PLRA] and counted as a 'strike' against Robinson thereunder." *Robinson v. Green*, 2:06-cv-00985-RBH-JDA *Report and Recommendation adopted by* 2007 WL 1447871 (D.S.C. May 11, 2007). This Court adopted the recommendation of the magistrate judge, granted summary judgment, and noted that action would be deemed a "strike" against Plaintiff. *See id.* Plaintiff did not appeal that decision. *Id.* at ECF No. 42; *see Blakely v. Ward,* 738 F.3d 607, 616 (4th Cir. 2013) (cleaned up) ("IFP motions present no occasion for relitigating final judgments . . . all that matters for the purpose of counting strikes is what the earlier court actually did."). As such, *Robinson v. Green* qualifies as a "strike."

Plaintiff also objects to the R&R arguing *Robinson v. Wilson*, 8:13-cv-02109 (D.S.C.) should not count as a strike because the Court never deemed that case as a strike. However, § 1915(g) does not require the order dismissing a case to indicate it counts as a strike, it just requires that the prisoner "brought an action or appeal in a court of the United States that was dismissed on the grounds that it

---

[3] The Supreme Court has found that the broad language of section 1915(g) "covers all such dismissals: It applies to those issued both with and without prejudice to a plaintiff's ability to reassert his claim in a later action." *Lomax*, 140 S.Ct. at 1724.

is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g); *see Blakely*, 738 F.3d at 613 n.3 ("Whether a court rings the PLRA bell in its opinion or judgment order is immaterial, so long as the . . . dismissal is explicitly predicated on one of the three grounds enumerated in Section 1915(g).").

Plaintiff also contends *Robinson v. Wilson* should not count as a strike because that case was dismissed for failure to exhaust administrative remedies. The Magistrate Judge noted that although a routine dismissal for failure to exhaust administrative remedies does not amount to a strike, the fourth circuit has found a district court has discretion

> in non-routine cases, where evidence of frivolousness or malice exists beyond the mere fact that exhaustion has not been obtained. For example, if a district court dismisses a complaint on exhaustion grounds and the prisoner, without exhausting his remedies, files another complaint seeking relief for the same conduct alleged in the original complaint, the district court could conclude that the second complaint was frivolous or malicious and thus qualifies as a strike under § 1915(g).

*Green v. Young*, 454 F.3d 405, 408 (4th Cir. 2006). The Magistrate Judge found *Robinson v. Wilson* fits squarely in the non-routine parameters because in dismissing that case this Court noted it "previously dismissed, *without prejudice*, an action by Plaintiff alleging the same claims against many of the same Defendants." *Robinson v. Wilson*, No 8:13-cv-02109, 2014 WL 3809681 (D.S.C. July 31, 2014). Although based on *Green* the prior dismissal of an identical case could lead a court to find the second complaint was frivolous or malicious, the order in *Robinson v. Wilson* did not explicitly state that dismissal was for frivolousness or maliciousness. *See id.*; *see also Blakely*, 738 F.3d at 613 n.3 ("Whether a court rings the PLRA bell in its opinion or judgment order is immaterial, so long as the . . . dismissal is explicitly predicated on one of the three grounds enumerated in Section 1915(g)."). Thus, this Court questions whether *Green* applies in this instance. Nevertheless, the order dismissing

5

*Robinson v. Wilson* did explicitly grant the Defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,[4] and dismissal for failure to state a claim upon which relief can be granted qualifies as a strike under § 1915(g). *See Robinson*, 2014 WL 3809681; *see also Thompson v. Drug Enf't Admin*, 492 F.3d 428, 438 (D.C. Cir. 2007)("When a court dismisses an unexhausted complaint under Rule 12(b)(6), thus concluding that the complaint fails to state a claim, section 1915(g)'s plain text compels us to count that case as a strike."). As such, *Robinson v. Wilson* constitutes a strike.

Plaintiff does not object to the Magistrate Judge's finding that Plaintiff does not allege any imminent danger of serious physical injury to satisfy the PLRA's exception to the three-strike rule. Finding no clear error, this Court adopts that finding. *See Diamond & Camby*, *supra* (recognizing a district court can adopt an unobjected-to recommendation without explanation where there is no clear error).

## Conclusion[5]

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R&R as modified[6] [ECF No. 8] and **DENIES** Plaintiff's motion to proceed in forma pauperis. Plaintiff is given twenty-one (21) days from the date of this Order to pay the full filing fee ($ 402). If Plaintiff fails to timely pay the full filing fee within that time period, the Clerk shall dismiss this case without

---

[4] In granting the Rule 12(b)(6) motion to dismiss for failure to state a claim the Court noted "it is clear from Plaintiff's allegations that the appeal was months (almost two years, in fact) too late." *Robinson v. Wilson*, 2014 WL 3809681

[5] Plaintiff also makes an objection related to the Magistrate Judge's mention of *Robinson v. Jarrell*, 8:13-cv-02321-RBH (D.S.C.), but the Magistrate Judge did not count that case as one of Plaintiff's three strikes. As such, this objection is immaterial and is overruled.

[6] As previously indicated this Court includes *Robinson v. Wilson* as a strike because the case was dismissed for failure to state a claim, not because of any non-routine argument under *Green v. Young*, and therefore this Court adopts as modified the R&R.

prejudice.

**IT IS SO ORDERED.**

Florence, South Carolina  
March 31, 2023

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge